CATHERINE WELCH, *Custodian vs.* JOSEPH WELCH *et al.*
DECEMBER 5, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is a bill in equity to determine the ownership of two joint bank accounts standing in the names of Robert W. Welch or Joseph G. Welch and payable to either or the survivor. The bill was brought by Catherine Welch, as the duly appointed custodian of the personal estate of Robert who had deceased, against Joseph who claimed ownership of the accounts as the survivor. There were other issues and other respondents but we are not concerned with them here. The cause was heard in the superior court on bill, answer and oral proof and resulted in the entry of a decree declaring the accounts the property of the decedent Robert's estate. From such decree Joseph alone among all the respondents appealed to this court.

According to the undisputed evidence both accounts were originally opened by Robert in his own name and thereafter at his request his brother Joseph's name was added thereto. Only Robert's money was deposited in the accounts

and only he made withdrawals therefrom. Joseph testified that Robert was interested in his, Joseph's small children at that time and had expressed a desire to aid them with his money after his death. At one point in his testimony he stated, "Well, it wasn't so much he wanted me to have it as my small children to have it * * *." It further appeared from other portions of Joseph's testimony that be believed Robert wanted his money to go at his death in that manner. At another point in his testimony concerning conversation with Robert about the matter he said: "I didn't want to talk about it, because when he talked about leaving things in my name for my children, I just felt, 'Gee, he feels his time is up or something', and I said, 'Let's not talk about that.'"

Largely, if not wholly, on that evidence the trial justice found that Robert by adding Joseph's name to the bank accounts did not intend thereby to make Joseph a gift of an interest therein *in praesenti*, but rather that it was his intention to leave his money upon his decease to Joseph for the benefit of his children. This, the trial justice held, was an attempt to dispose of his property after his decease without making a will and was therefore invalid. Accordingly he decreed that the bank accounts should be paid to the complainant in her capacity as the administratrix of Robert's estate, to which office she had been duly appointed after the commencement of the instant suit.

Under his appeal Joseph contends that the decree is contrary to the law and the evidence, because it is the settled law of this state that the form of joint bank accounts as here is prima facie evidence of ownership in the survivor and that the burden is on one alleging the contrary to prove such allegation. This, he contends, the complainant failed to do. In support of the above contentions he relies principally, if not solely, on *Flynn* v. *Byrne*, 82 R. I. 48.

If the posture of the instant case at the conclusion of the evidence was identical with the *Flynn* case we should be

bound to sustain the above contentions. The short answer is that it is clearly not identical and therefore that case is not in point. There the survivor had exercised full dominion over the accounts according to the complainant's own evidence, and furthermore the complainant presented no evidence to support the main material allegation of his bill. In the case at bar, as the testimony of Joseph hereinbefore quoted clearly shows, complainant presented evidence from which it was reasonable to conclude that Robert had not made a gift to Joseph *in praesenti*. And it also was undisputed that Joseph at no time had ever exercised dominion over either of the bank accounts. In the circumstances the trial justice did not err in refusing to treat the form of the accounts as controlling.

On the evidence before him it was his duty to weigh all the evidence, including the form of the accounts, and determine wherein the preponderance lay. Where a trial justice sitting in equity has performed his duty in this regard his decision will not be disturbed by this court unless it appears to us to be clearly wrong. *Mikaelian* v. *Mikaelian*, 86 R. I. 119. On our view there was a reasonable basis in the evidence for his conclusion that Robert's intention was to make a disposition of the accounts for the benefit of the children upon his decease and not to make a gift to Joseph *in praesenti*. Hence we cannot say his decision, based as it was on such conclusion, was clearly wrong.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Thomas W. Pearlman*, for complainant.

*Harold S. Moskol*, for respondent.